ROGERS, Circuit Judge,
concurring in part and dissenting in part.
I concur in Parts III and IV of the majority opinion but dissent from the re *514 versal of the Title VII harassment claim. The claim was not properly exhausted, for the reasons given by the district court. Dist. Ct. Order of Nov. 16, 2007, at 13-14. The unverified Charge Information Form could be amended to meet the verification requirement, as the majority points out, but the later, verified Charge of Discrimination Form neither alleged a sexually hostile work environment, nor referred to the earlier form.
Allowing such unrelated documents to constitute a charge would permit employees, without fear of sanction, to force their employers to respond to potentially frivolous harassment claims, thereby undermining the statutory scheme. As the Supreme Court explained in Edelman v. Lynchburg College, 535 U.S. 106, 112-13, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002), the verification requirement seeks “[to] protect] employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury.”
With respect, the verified Charge of Discrimination Form cannot be read to raise Williams’s gender-based hostile-work-environment claim. The only matter discussed in the form’s three short paragraphs is Williams’s forced job transfer, which she says followed a verbal altercation with the Yard Master (presumably Wingo). Listing one specific action which Williams claims to be discriminatory does not assert a sexually hostile-work-environment claim. Williams in fact brought separate discrimination and retaliation claims premised on the very scenario discussed in the Charge of Discrimination Form — her forced dislocation from CSX’s Bruceton facility. The district court, however, granted CSX summary judgment on these claims, and Williams did not appeal the order.
The information contained in the “Date(s) Discrimination Took Place” box does not change the plain reading of the form’s factual allegations. The “earliest” date of 9/2/2004 and the “latest” date of 11/9/2004 correspond to the verbal altercation with Wingo and to the date of Williams’s forced dislocation, respectively. These two events, both of which are specifically mentioned in the form’s factual allegations, are the basis for Williams’s discrimination and retaliation claims. And checking a contiguous box for “continuing action” can hardly be read to give notice of a hostile-work-environment claim.